IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

THOMAS RETZLAFF,
  Plaintiff,

Vs.

BRENT WILSON,                      CIVIL ACTION NO. 5-06-cv-00738-XR
CHOICEPOINT SERVICES, INC.,
ROBERT FAITH, STACEY HUNT,
JOHN and/or JANE DOE,
and GREYSTAR REAL ESTATE
PARTNERS, LLC,
  Defendants.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Plaintiff files this motion to remand under 28 U.S.C. §1447(c).

### A. Introduction

1.     Plaintiff is Thomas Retzlaff; Defendant No. 1 is Brent Wilson; Defendant No. 2 is ChoicePoint Services, Inc.; Defendant No. 3 is Robert Faith; Defendant No. 4 is Stacey Hunt; Defendant No. 5 is Greystar Real Estate Partners, LLC; John and/or Jane Doe are unknown defendant(s).

2.     On July 25, 2006, plaintiff sued defendants for breach of contract, tortious interference with an existing contract, defamation, various violations of the Fair Credit Reporting Act, negligence in the hiring, training, supervision, and retention of certain employees, and malice, in the 37th Judicial District of Bexar County, Texas.

1

3. Defendant received notice of this suit on July 25, 2006.

4. Defendant filed its notice of removal on August 28, 2006.

### B. Argument

5. The court may remand a case on the basis of any defect identified in a motion for remand filed within 30 days after the notice of removal under 28 U.S.C. §1446(a). 28 U.S.C. §1447(c). The courts strictly construe the removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Brown v. Francis*, 75 F.3d 860, 864-65 (3rd Cir. 1996). Any doubt about the propriety of removal should be construed against removal. *Diaz*, 85 F.3d at 1505.

6. The court should remand this case to state court because:

(a) the lawsuit does not substantially involve a federal question. 28 U.C.S. §1447(c). Specifically, a suit can only be removed to federal court when (1) the claim raises a contested federal issue, (2) the issue is actually disputed **and substantial**, and (3) federal courts can entertain the claim without disturbing the congressionally approved allocation of cases between the state and federal courts. See *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S.Ct. 2363, 2367 (2005) (emphasis added). The FCRA claim is just a minor part of this case. Therefore, the federal court lacks subject-matter jurisdiction.

(b) defendant signed an agreement specifying the state court as the forum to settle disputes; thus, defendant waived its right to removal. See *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797-98 (5th Cir. 2001); *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1261-62 (11th Cir. 1999). This provision is contained within the apartment lease signed by plaintiff and defendant that is on file with this court.

(c) defendant filed the notice of removal more than 30 days after it received received notice of plaintiff's suit. 28 U.S.C. §1446(b); see *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S.Ct. 1322, 1328-29

2

(1999). Attached as Exhibit A is a copy of the e-mail notification of this suit which was sent to defendant, along with a copy of the lawsuit. Defendant did not file the notice of removal until August 28, 2006, more than 30 days after it received notice. The failure of the first-served defendant to file a notice of removal within 30 days of service prevents all later-served defendants from removing the action. *Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986)

(d) defendant asked the state court for affirmative relief, waiving its right to removal. See *Johnson v. Heublein, Inc.*, 227 F.3d 236, 244 (5th Cir. 2000); *Brown.*, 792 F.2d at 481. Defendant asked the state court for affirmative relief when it filed a motion asking that the plaintiff's suit be dismissed and sanctions awarded. Defendant also filed a counter-claim against plaintiff asking for various damages. See Exhibit B.

(e) defendant did not obtain timely written consent of all served defendants before removing the case. See 28 U.S.C. §§1446(a)-(b), 1453(b). Defendant ChoicePoint's notice of remand does not contain the written consent of defendant Greystar, nor has such consent been timely obtained.

### C. Conclusion

12. As stated, the courts strictly construe the removal statutes in favor of remand and against removal. The defendants have not met their burden in proving up the request for removal. For these reasons, plaintiff asks the court to grant the motion to remand, remand this suit to the state court where it was originally filed, and award plaintiff his court costs, expenses, and attorney fees.

Respectfully submitted,

Thomas C. Retzlaff, Esq.
PO Box 92
San Antonio, Texas 78291-0092
(210) 317-9800 OFFICE
(210) 521-9146 FAX

ATTORNEY FOR PLAINTIFF

3