**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **THOMAS RETZLAFF,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **BRENT WILSON, CHOICEPOINT SERVICES, INC., ROBERTH FAITH, STACEY HUNT, JOHN and/or JANE DOE, and GREYSTAR REAL ESTATE PARTNERS, LLC,** <br><br> **Defendants.** | § § § § § § § § § § § § | **CIVIL ACTION NO. 5-06-cv-00738-XR** |

**DEFENDANT CHOICEPOINT SERVICES, INC.'S AND BRENT WILSON'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Defendants ChoicePoint Services, Inc. and Brent Wilson (collectively "Defendants") file this Response to Plaintiff's Motion to Remand, and respectfully show the Court as follows:

## I. INTRODUCTION

As set forth in Defendants' Notice of Removal of Civil Action, this Court has jurisdiction over this lawsuit under 28 U.S.C. § 1331. Nevertheless, Plaintiff asserts that remand is proper in this action for the following reasons: (1) the suit does not "substantially" involve a federal question, (2) a defendant signed an agreement specifying the state court as the forum, (3) the notice of removal was filed more than 30 days after notice of this lawsuit was provided to the first defendant, (4) a defendant asked the state court for affirmative relief, and (5) the defendant did not obtain timely written consent from all served defendants before removing. *See* Plaintiff's Motion & Notice of Motion to Remand, ¶ 2. Each of Plaintiff's contentions is unfounded and lacks merit.

## II.
## ARGUMENT

### 1. Plaintiff asserts a claim under federal law, and therefore, this Court has jurisdiction.

Plaintiff asserts that this lawsuit does not *substantially* involve a federal question on the ground that the claim based in the Fair Credit Reporting Act ("FCRA") "is just a minor part of this case." *See* Plaintiff's Motion & Notice of Motion to Remand, ¶ 6(a). Plaintiff's characterization of his claims is misleading and lacks merit.

Federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Federal question jurisdiction under 28 U.S.C. § 1331 extends to cases in which the complaint establishes that federal law creates the cause of action. *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation*, 463 U.S. 1, 27-28 (1983); *Frank*, 128 F.3d at 922.

Turning to Plaintiff's complaint, Plaintiff unequivocally alleges numerous violations of the FCRA. *Id.* at ¶ 24 (alleging violations of 15 U.S.C. §§ 1681, *et seq.*, § 1681(c)(a)(2), § 1681e, § 1681e(b), § 1681i, and § 1681k). By asserting violations of a federal statute and demanding damages therefrom, Plaintiff has asserted a claim for which this Court has jurisdiction.

Plaintiff directs the Court to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 125 S.Ct. 2363, 2367 (2005). However, *Grable* is inapplicable to the present facts. In *Grable*, the complaint only alleged state law claims for relief. The plaintiff failed to plead any claims directly under federal law. In contrast, the Plaintiff in the present case unequivocally seeks relief under the FCRA.

**2. No Defendant has signed an agreement specifying state court as the proper forum.**

Plaintiff asserts that Greystar Real Estate Partners, LLC ("Greystar") waived its right to removal by signing an agreement specifying state court as the forum to settle disputes. *See* Plaintiff's Motion & Notice of Motion to Remand, ¶ 6(b). Plaintiff specifically alleges that the waiver is included in the apartment lease on file with the Court. *Id.*

Courts have held that a party may contractually waive its right of removal as long as it does so explicitly and unequivocally. *See McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1206 (5th Cir. 1991) (holding that a party must "explicitly" waive such a right); *Regis Assoc. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) ("the case law makes it clear that such waiver must be clear and unequivocal"); *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989) ("waiver of the right to remove must be 'clear and unequivocal' ").

Here, Plaintiff fails to direct the Court to any provision of the lease, or any other document, wherein any Defendant explicitly, or implicitly, waives its right to removal. Contrary to Plaintiff's assertion, there is no such provision in the lease, or any other document, wherein a Defendant waives its right to remove. Accordingly, Plaintiff's argument lacks merit.

**3. Defendants timely filed the Notice of Removal.**

Plaintiff asserts that the filing of the removal was untimely in that it occurred more than 30 days after service of the suit. *See* Plaintiff's Motion & Notice of Motion to Remand, ¶ 6(c). Plaintiff asserts that Greystar first received notice of this lawsuit via email on July 26, 2006. *See* Plaintiff's Motion & Notice of Motion to Remand, Attachment A. Plaintiff further asserts that, since the notice of removal was filed more than 30 days later on August 28, 2006, the removal was filed untimely. Plaintiff's argument fails for two reasons. First, Plaintiff's email to Greystar

was insufficient to start the clock for removal. Second, even if it were sufficient, Plaintiff incorrectly calculates the removal deadline under Federal Rule of Civil Procedure 6.

**a. Service by electronic means does not start the clock for the deadline to remove an action.**

Notice of a lawsuit via electronic means is insufficient to start the clock for removal. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (rejecting plaintiff's argument that service via facsimile started the clock for removal and holding that a defendant's deadline for removal does not begin to run until the defendant has been served with a summons or waives formal service); *Smith v. Wagner*, Civil Action H-06-02629, 2006 WL 2729282 (S.D. Tex. September 26, 2006) (same).

In *Murphy*, the plaintiff faxed a file-stamped copy of the suit to the defendant on January 29, 2006. *Murphy*, 526 U.S. at 344. The plaintiff formally served the defendant on February 12, 1996. *Id.* Thirty days later, on March 13, 1996, the defendant removed the action. *Id.* The plaintiff sought remand on the grounds that the removal—which was filed 44 days after the defendant received notice of the suit via facsimile—was untimely. The United States Supreme Court rejected this analysis and held that a defendant's time to remove is triggered only by simultaneous service of the summons and complaint. *Id.* Accordingly, the Court found that the notice of removal was timely filed.

Here, Plaintiff states that he first emailed the complaint to Greystar on July 26, 2006. However, this email is irrelevant for determining the removal deadline under *Murphy*.

Defendant Brent Wilson, the first-served defendant, was served on July 28, 2006. Accordingly, the deadline for removal would have been Sunday, August 27, 2006. 28 U.S.C. § 1446(b). Since the deadline would have fallen on Sunday, it was automatically extended by the

Federal Rules of Civil Procedure to Monday, August 28, 2006. Therefore, the notice of removal was timely.

**b. Even accepting Plaintiff's argument, the notice of removal was still timely filed.**

When calculating deadlines, Rule 6(e) requires that three days be added after the prescribed period would otherwise end if service is made by electronic means under Rule 5(b)(2)(D). According to Plaintiff, Greystar first received notice of the case via email on July 26, 2006. Even accepting such date as the first date for calculating the removal deadline, the deadline for removal did not expire until 33 days later on August 28, 2006. As such, the removal was timely filed, and Plaintiff's argument fails.

**4. No defendant has waived its right to removal be seeking affirmative relief.**

Plaintiff asserts that by asking the state court for affirmative relief, Defendants waived the right to remove. *See* Plaintiff's Motion & Notice of Motion to Remand, ¶ 6(d). As evidence of defendant's alleged seeking of affirmative relief, Plaintiff refers the court to its Exhibit B, Defendant GREP South, L.P.'s Original Answer, Special Denials, Original Counterclaims, and Motion for Sanctions.

As indicated, *supra*, a defendant's intent to waive the right to removal must be "clear and unequivocal." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003); *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989); *Warner v. Crum & Forster Commercial Ins. Co.*, 839 F. Supp. 436, 439-40 (N.D. Tex. 1993). Further, the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits. *Tedford*, 327 F.3d at 428. In the present case, no adjudication on the merits was done. Rather, a defendant merely filed his answer, counterclaims, and a motion for sanctions.

**5. ChoicePoint obtained timely written consent of all served Defendants.**

Plaintiff asserts that ChoicePoint failed to obtain timely written consent of all served Defendants before removing the case. *See* Plaintiff's Motion & Notice of Motion to Remand, ¶ 6(e). More precisely, Plaintiff claims that the notice of removal "does not contain the written consent of defendant Greystar." *See* Plaintiff's Motion & Notice of Motion to Remand, ¶ 6(e).

Plaintiff's state-filed petition names as a defendant "Greystar Real Estate Partners, LLC." *See* Plaintiff's Original Petition and Request for Disclosure. However, according to the Texas Secretary of State, there is no entity authorized to do business in the state of Texas named "Greystar Real Estate Partners, LLC." *See* Ex. A. Plaintiff has named a non-existent entity as a defendant. Plaintiff's argument therefore fails on its face because: (1) Plaintiff could not have served a fictitious entity; and (2) ChoicePoint cannot be faulted for not obtaining the written consent of an entity which does not exist.

## IV.
## CONCLUSION

Based on the foregoing, Defendants respectfully requests that Plaintiff's Motion and Notice of Motion to Remand be denied, and that Defendants be granted such other and further relief to which they may justly be entitled.

Respectfully submitted,

C. Don Clayton [signature]

Robert T. Mowrey
State Bar No. 14607500
C. Don Clayton
State Bar No. 24027932

LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue
Suite 2200
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopy)

**ATTORNEYS FOR DEFENDANTS BRENT WILSON AND CHOICEPOINT SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this the 29th day of September, 2006 on the following counsel of record, via certified mail, return receipt requested:

Thomas C. Retzlaff
P. O. Box 92
San Antonio, TX 78291-0092
(210) 317-9800 (Telephone)
(210) 877-6034 (Telecopy)
Attorney for Plaintiff

David Fritsche
921 Proton
San Antonio, Texas 78258
(210) 227-2726 (Telephone)
(210) 227-5500 (Telecopy)
Attorney for Greystar Real Estate, Inc.

C. Don Clayton [signature]

Texas Secretary of State
Roger Williams
SOSDirect

UCC | Business Organizations | Trademarks | Account | Help/Fees | Briefcase | Logout

**FIND GLOBAL NAME SEARCH**

This search was performed on with the following search parameter:
**ENTITY NAME :** Greystar Real Estate Partners

| Mark | Filing Number | Name | Entity Type | Entity Status | Name Type | Name Status |
|---|---|---|---|---|---|---|
| | 8917610 | JMI/GREYSTAR REALTY PARTNERS, L.P. | Domestic Limited Partnership (LP) | In existence | Legal | In use |
| | 7475511 | GREYSTAR REALTY SERVICES | Foreign Limited Partnership | Forfeited rights | Assumed | Expired |
| | 7475511 | GREYSTAR REALTY SERVICES, L.P. | Foreign Limited Partnership | Forfeited rights | Legal | Prior |

Return to Order New Search

---

Instructions:
- To view additional information pertaining to a particular filing select the number associated with the name.
- To place an order for additional information about a filing select the radial button listed under 'Mark' that is associated with the entity and press the 'Order' button.

**EXHIBIT A**