FILED

JAN 2 6 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                 DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

THOMAS RETZLAFF,                  )
                                  )
        Plaintiff,                )
                                  )
VS.                               )     Civil Action No: SA-06-CA-738-XR
                                  )
BRENT WILSON, ET AL.,             )
                                  )
        Defendants.               )

On this date, the Court considered Plaintiff Thomas Retzlaff's Motion to Remand (docket

no. 4).

## Facts and Procedural Background

Thomas Retzlaff filed suit in state court on July 25, 2006, alleging various causes of action

against Brent Wilson, ChoicePoint Services, Inc., Robert Faith, Stacey Hunt, John and/or Jane Doe,

and Greystar Real Estate Partners, LLC. Retzlaff's petition asserts a cause of action against Wilson,

ChoicePoint, and John and/or Jane Doe for violations of the Fair Credit Reporting Act. Retzlaff also

asserts various state-law claims against these and the other defendants.

Defendants Wilson and ChoicePoint filed a Notice of Removal on August 28, 2006. GREP

South consented to the removal.

On September 18, Plaintiff filed the instant motion for remand, arguing that (1) there is no

basis for federal subject matter jurisdiction because the lawsuit does not substantially involve a

federal question; (2) the defendant signed an agreement specifying a state court forum and thus

waived the right to removal; (3) defendant filed a notice of removal more than thirty days after

1

receiving notice of the lawsuit; (4) defendant waived the right to removal by asking the state court for affirmative relief; and (5) defendant did not timely obtain written consent to removal from all defendants. Defendant ChoicePoint responded that each of Plaintiff's objections lacks merit.

The Court entered an Order on October 16, 2006, holding that Plaintiff asserted a federal claim, no defendant waived their right to remove by requesting affirmative relief in the state court, and the removal was timely. The Court reserved ruling on the issue regarding whether the timely, written consent to removal was obtained from all served defendants. A hearing was held on January 24, 2007.

## Analysis

### Whether ChoicePoint and Wilson failed to obtain timely written consent of all served defendants before removing the case?

Plaintiff asserts that Defendant ChoicePoint's notice of removal does not contain the written consent of defendant Greystar, nor was such consent timely obtained. ChoicePoint responds that the petition names as a defendant Greystar Real Estate Partners, LLC, but there is no entity authorized to do business in Texas named Greystar Real Estate Partners, LLC. GREP South (even though it was not named as a defendant) answered this lawsuit stating that it is the correct entity that should have been named.[1] GREP South filed a written consent to removal on August 25, 2006. According to its business record filings, GREP South, L.P. is a Delaware limited partnership registered to do business in Texas.

All properly served defendants must join in the removal. *Doe v. Kerwood*, 969 F.2d 165 (5th

---

[1] Allegedly Greystar Real Estate Partners, LLC is the sole managing member of GREP General Partner, who in turn is the General Partner of GREP South, L.P.

Cir. 1992). GREP South correctly argues that another entity purporting to act on a co-defendant's

behalf and having authority to do so may provide the necessary consent. *Getty Oil Corp., a Div. of*

*Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254 (5th Cir. 1988). However, that is not

what was done in this case. In perhaps a gesture to advance the litigation more efficiently, GREP

South answered a lawsuit that it had not been named as a defendant. Although served, Greystar

failed to answer and did not join in the removal. The following language in *Getty Oil* is instructive:

> But while it may be true that consent to removal is all that is required under section
> 1446, a defendant must do so itself. This does not mean that each defendant must
> sign the original petition for removal, but there must be some timely filed written
> indication from each served defendant, or from some person or entity purporting to
> formally act on its behalf in this respect and to have authority to do so, that it has
> actually consented to such action. Otherwise, there would be nothing on the record
> to "bind" the allegedly consenting defendant.

*Id.* at 1262, fn. 11. In this case GREP South did not provide notice that it and Greystar consented

to the removal. There is nothing in the record to bind Greystar to removal. Indeed, GREP South

takes the position that Greystar should not be a party to this litigation. For procedural purposes since

Greystar was properly served, it was necessary for them to answer, consent to the removal, and then

seek dismissal of the claims against it.[2]

---

[2]In addition, GREP South's reliance on *Jernigan v. Ashland Oil Inc.*, 989 F. 2d 812 (5th
Cir. 1993) is misplaced. That case holds that a defendant alleging fraudulent joinder was not
required to obtain consent of such a co-defendant. This case does not raise the issue of
fraudulent or improper joinder.

## Conclusion

This case is remanded to the 37th Judicial District Court of Bexar County, Texas.

SIGNED this 28th day of January, 2007.

_____

XAVIER RODRIGUEZ

UNITED STATES DISTRICT JUDGE